**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rene Ortiz, et al.,

      Plaintiffs,

v.

Westlake Financial Services, et al.,

      Defendants.

No. CV-26-01231-PHX-DWL

**ORDER**

On February 27, 2026, Defendants Experian Information Solutions Inc. ("Experian") and Trans Union LLC ("Trans Union") filed a motion to dismiss the complaint (Doc. 9) and Defendant Equifax Information Services LLC filed an answer (Doc. 10). On March 9, 2026, Defendant Westlake Financial Services filed a motion to dismiss. (Doc. 12.)

On March 17, 2026, pro se Plaintiffs filed a motion to amend the complaint and a request for a 45-day extension of time in which to do so. (Doc. 18.)

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs were entitled to amend as a matter of course within 21 days after Equifax filed its answer and Experian and Trans Union filed their motion to dismiss—in other words, by March 20, 2026. Because no case management order has issued, the deadline to amend as a matter of course is the only amendment-related deadline at issue. The concept of requesting an extension of the deadline to amend as a matter of course is a bit circular—the entire point of amending "as a matter of course" is the benefit of not having to seek

the opposing parties' consent or the Court's leave. A request for an extension of time requires a motion (stipulated or otherwise) and is not necessarily less onerous than a motion for leave to amend, which should be given "freely" at this point in the proceedings. Fed. R. Civ. P. 15(a)(2). And at any rate, Plaintiffs' motion was not styled as a request to extend the deadline to amend as a matter of course but rather as a motion for leave to amend. Thus, the request for an "extension" appears moot, as no general deadline for amendment exists at this time. *See, e.g.*, *Bunker v. McCormick*, 2024 WL 4493410, *1 (D. Ariz. 2024) ("There is not a case management order in this case yet, and the Court has not yet imposed any deadline for amending pleadings. Plaintiffs simply missed the opportunity afforded by Rule 15(a)(1), which gave them a full 21 days to amend as a matter of course after the September 13, 2024 motions to dismiss were filed. Under Rule 15, they may still amend, but they must first procure Defendants' written consent or the Court's leave, which will be freely given if justice so requires, pursuant to Rule 15(a)(2).") (cleaned up).

Turning to the merits of the motion for leave to amend, the District of Arizona's local rules require that "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). Plaintiffs have not attached a copy of the proposed amended pleading, and therefore the motion is infirm and is denied without prejudice for failure to adhere to the local rules. *Hernandez v. Costco Wholesale Corp.*, 2022 WL 17537981, *3 (D. Ariz. 2022) (failure to adhere to LRCiv 15.1(a) "justifies denying leave to amend").

However, the Court notes its strong preference, in light of the liberal standard that leave to amend is freely given at this early juncture, that the parties stipulate to amendment. The present motion to amend does not indicate whether the parties conferred about the possibility of stipulating to amendment. Doing so can save the time and expense of briefing a motion to amend. If Plaintiffs are able to obtain Defendants'

consent, they can amend by consent pursuant to LRCiv 15.1(b)—which also requires a "redlined" draft showing how the amended complaint differs from its predecessor.

Although there is no deadline for amending the complaint at this time, the Court would appreciate the parties' prompt attention to this matter, as an amended complaint would render the pending motions to dismiss moot. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Timely withdrawal of those motions would save the parties the time and expense of briefing motions that are likely to become moot and would ensure that the Court does not devote judicial resources to resolving motions that become moot during the Court's deliberation process.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave to amend (Doc. 18) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer to determine whether amendment may be accomplished via stipulation. If the parties cannot agree, Plaintiffs may file a new motion for leave to amend, which shall indicate which parties intend to file a response in opposition. Regardless of whether amendment is accomplished via stipulation or leave to amend is requested via a renewed motion, Plaintiffs must adhere to LRCiv 15.1.

Dated this 24th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -